Simons, J.
(dissenting in Matter of Potter v Dudek). I would affirm. The statement on the face sheet that "[t]he petition contains 18,560 signatures and 1,036 pages for the above mentioned candidates” is inherently ambiguous because the reader cannot determine whether it is claimed that the petitions contain 18,560 signatures and 1,036 pages for each of the candidates or both of them together and, if for both together, how many signatures support each candidacy. Conceivably, the petition could contain well under the required number of signatures for one of the candidates and well over the required number for the other. The statement contains no hint of that and, even worse, may mislead, thereby frustrating the provisions and purpose of Election Law § 6-134 (2). Faced with the ambiguity "election officials and interested parties [have] no choice except to search through the volumes page by page to determine the sheets designating each candidate and the validity of the signatures contained on them” (Matter of Pecoraro v Mahoney, 65 NY2d 1026, 1028).
Matter of Ruiz v Saez: Order reversed, without costs, and judgment granted in accordance with the opinion herein.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in Per Curiam opinion.
In Matter of Potter v Dudek: Order reversed, without costs, and petition to invalidate appellants’ designating petition denied.
Chief Judge Wachtler and Judges Meyer, Kaye, Titone and Hancock, Jr., concur in Per Curiam opinion; Judge Simons dissents and votes to affirm in a separate opinion in which Judge Alexander concurs.
In Matter of DePaolo v Mahoney: Order reversed, without *164 costs, and petition to validate appellant’s designating petition granted.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in Per Curiam opinion.